**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:25-CR-449-S1** |
| | § | |
| **NATHAN BERNIER,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Aaron F. Reitz, United States Attorney for the Southern District of Texas, and Lauren M. Valenti, Assistant United States Attorney, and the defendant, NATHAN BERNIER ("Defendant"), and Defendant's counsel, pursuant to **Rule 11(c)(1)(A) and (B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1-3 of the superseding information and to persist with that plea of guilty through sentencing. Counts 1 & 2 charges Defendant with **sexual exploitation of children**, in violation of Title 18, United States Code, Section 2251(a). Count 3 charges Defendant with **coercion and enticement of a minor**, in violation of Title 18, United States Code, Section 2422(b). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding information, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2251(a) (Counts 1 & 2), is imprisonment of not less than 15 years and not more than 30 years and a fine of not more than $250,000.

3. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 2422(b) (Count 3), is imprisonment of not less than 10 years and up to life and a fine of not more than $250,000.

4. With a conviction for Counts 1 & 2, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, under Counts 1 & 2, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entirety of the supervised release period, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Section 3583(k). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

5. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

6. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5,000.00) per conviction in Counts 1 & 2. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

7. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

(a) $17,000.00 if the Defendant is convicted of 18 U.S.C. Section 2252(a)(4) or 2252A(a)(5);

(b) $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by Section 2259(c)(3), which includes offenses under Title 18, United States Code, Sections 2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of Sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

(c) $50,000.00 if the Defendant is convicted of child pornography production as defined by Title 18, United States Code, Section 2259(c)(1), which includes offenses under Sections 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the

violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography.

8. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

**Immigration Consequences**

9. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

10. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on

collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

11. Defendant also agrees that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

12. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing

Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

13. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

14. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 1-3 of the superseding information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding information and will forego additional charges at the time of sentencing. The Defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

**Agreement Binding - Southern District of Texas Only**

15. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention

of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

16. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

17. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any

sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

18. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

19. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1-3 of the superseding information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On December 22, 2023, Texas Department of Public Safety (DPS) Criminal Investigations Division (CID) Special Agents (SAs) executed arrest warrants for NATHAN DEFENDANT (TX DL: 37507717)(hereinafter also referred to as "DEFENDANT") for charges of ONLINE SOLICITATION OF A MINOR out of Ector County, Texas. DEFENDANT was arrested in Harris County, within the Southern District of Texas, which is where he was residing. During the arrest, an Apple iPhone 14 (IMEI number: 354155258729593), along with an iPad and Google Chromebook were found in DEFENDANT'S possession and were seized by the arresting agents. Search warrants for the Defendant's devices were obtained.

During the forensic download of the Defendant's iPhone 14, evidence that the Defendant had a sexual relationship with a 16-year-old female, later identified as Minor Victim (MV1) in 2022 was identified in the form of text messages, videos, and images.

According to the chats located between the Defendant and MV1, they met in Round Rock, Texas multiple times from on or about August of 2022 through on or about January 2023. The communication between MV1 and Defendant was sexual in nature and discussed meeting for purposes of having sex. It appeared from the chats and geo-location of videos and photos taken that Defendant met with MV1 at least 6 times at a Motel 6 located in Round Rock, TX. Booking receipts were obtained that were made in the Defendant's name listing the same phone number he used to communicate with MV1.

During the time of the communication between Defendant and MV1, location information was identified on Defendant's device placing him within the Southern District of Texas.

Further review of the iPhone also showed that Defendant was in possession of more than twenty (20) images of child pornography including videos of MV1 engaged in oral sex, Defendant vaginally penetrating MV1, and MV1 using a sex toy with Defendant's mouth on MV1's breast, Based off the dates, it appears that all the videos were created during the dates that MV1 and Defendant met.

During MV1's forensic interview, she stated that she met DEFENDANT on a website known as Fetlife and she learned that he lived in Houston. DEFENDANT began messaging MV1 on the website and then they exchanged phone numbers in order to Facetime. MV1 explained that MV1 told Defendant that she was 16 when MV1 and Defendant first began messaging each other and MV1 understood Defendant to be in his mid to late-40's. A text message was located from MV1 which stated "don't be mad but I am actually 16," in which Defendant responded "Definitely not mad that is actually a big turn on for me."

MV1 stated that MV1 and DEFENDANT met approximately twice a month making a total of about 14 times. MV1 stated they met to have vaginal and oral sex. While MV1 and Defendant were having sexual intercourse, Defendant would record the sexual acts with Defendant's phone and occasionally with MV1's phone. MV1 stopped communicated with Defendant in July or August of 2023.

While Defendant was in state custody, the Defendant instructed a female friend to retrieve a blue Apple iPhone 14 (Serial No. QNJJTH7MJ4) for her to sell. Defendant provided her with the passcode. When the friend retrieved the device, she began to look through the device and observed text messages between the Defendant and MV1. Additionally, the friend observed depictions of what the friend believed to be the Defendant having sex with a female who appeared to be a child. The friend provided a description of said female to law enforcement and that description matched that of MV1.

Defendant's iPad (IMEI number: 357883400077481) was also search pursuant to a search warrant and a chat on Snapchat was located between Defendant and another 16-year-old female, hereinafter referred to as Minor Victim 2 ("MV2"). A search warrant for MV2's Snapchat account uncovered chats between Defendant and MV2 from on or around September 2023 through on or about December 2023. There was child sexual abuse material contained within the chat.

MV2 was forensically interviewed in March 2025 and she stated she met the Defendant online on a website wherein she told Defendant her real age and he did not care. They subsequently added each other on Facebook, Snapchat, and exchanged phone numbers. Their conversations began to be very sexual, Defendant told MV2 that he was attracted to younger black girls and has talked to other girls MV2's age. During their conversations, Defendant sent MV2 a video of him having sex with a girl – this video was later identified by law enforcement as a video of Defendant having sex with MV1. Defendant stated he wanted to see what MV2's body looked like so she did send him photos of her breasts, butt and did believe she sent a photo of her vagina. A photo within the chat which contained a vagina was shown to MV2 and she identified it as a photo of herself that was sent to Defendant. MV2 also recalled Defendant sent her a picture of his penis.

MV2 met Defendant in person on two different occasions. On one of the occasions, Defendant picked her up from her high school on homecoming night and they went to his car. During this encounter, Defendant intentionally caused the penetration of MV2's sexual organ and MV was under the age of 17 for which a person can be charged with a criminal offense under Texas Penal Code 22.011.

During the commission of the offenses outlined in Counts 1-3 of the superseding information, the Defendant utilized cell phones which had been transported across state lines or in foreign commerce.

**Breach of Plea Agreement**

20. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

**Monetary Penalties, Assets and Financial Disclosures**

21. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

22. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 10 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Restitution**

23. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $__________. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per victim. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. § 1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

**Forfeiture**

24. As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation including but not limited to the following specific assets: 1) Apple iPad, IMEI number: 357883400077481, 2) Apple iPhone 14, IMEI number: 354155258729593, &
3) Blue Apple iPhone 14, Serial No. QNJJTH7MJ4;

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $_________ from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of

a money judgment in that amount [or, if not agreed, that the Court will determine the proper amount of a money judgment];

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

25. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

26. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

**Notification of the Sex Offender Registration and Notification Act**

27. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him/her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

28. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on September 21, 2026.

Nathan Bernier
Defendant

Subscribed and sworn to before me on September 21, 20__.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: ______________________
Deputy United States District Clerk

APPROVED:

Aaron F. Reitz
United States Attorney

By: Lauren M. Valenti
Lauren M. Valenti
Assistant United States Attorney
Southern District of Texas

Devin Prater
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:25-CR-449-S1** |
| | § | |
| **NATHAN BERNIER,** | § | |
| **Defendant.** | § | |

**PLEA AGREEMENT – ADDENDUM**

I have fully explained to Defendant his rights with respect to the pending indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

[signature] 9-21-2026

Devin Prater
Attorney for Defendant

Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment/information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

Nathan Bernier
Defendant

9/21/26
Date